IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCELIA TRUMAINE STOVALL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-1839 |
| | : | |
| **WARDEN OF SCI-MUNCY,** | : | |
| **PENNSYLVANIA ATTORNEY** | : | |
| **GENERAL'S OFFICE** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                             May 9, 2024

Arcelia Stovall shot and killed a daycare teacher on July 28, 1994.[1] The Commonwealth charged Ms. Stovall with first-degree murder and third-degree murder.[2] Ms. Stovall invoked the insanity defense.[3] Ms. Stovall then pleaded guilty to first degree murder on April 3, 1995.[4] Judge Rossanese sentenced Ms. Stovall to ninety-nine years' imprisonment.[5] Ms. Stovall did not appeal her conviction or sentence. Ms. Stovall did not collaterally challenge her 1994 conviction or 1995 sentence.

Ms. Stovall now petitions for habeas relief from her twenty-nine year old conviction.[6] Ms. Stovall argues the United States Congress commuted her sentence on October 28, 2015.[7] Ms. Stovall argues the President made an unidentified declaration concerning her on July 5, 2023.[8] Ms. Stovall admits in her petition she did not appeal her conviction or sentence.[9] Ms. Stovall argues she challenged her conviction in state court but incorrectly lists "Congress" as the reviewing state court.[10] Ms. Stovall admits she did not exhaust her state court remedies before filing her petition.[11] Ms. Stovall appends six handwritten pages to her petition containing illegible handwriting.[12] We deny her petition for habeas relief. We find no basis for a certificate of appealability.

### A.  Ms. Stovall offers no basis for habeas relief from a 1995 conviction.

We deny Ms. Stovall's habeas petition because she does not specify grounds granting her relief. Ms. Stovall argues "Congress" commuted her sentence on October 28, 2015.[13] Only the Pennsylvania Governor can commute a prison sentence rendered in state court.[14]

Congress through section 2254 allows incarcerated persons convicted in state court to challenge their convictions if their imprisonment violates the United States Constitution or federal law.[15] Incarcerated persons must first exhaust their state court remedies before filing a federal habeas petition.[16] Congress through Rule 2(c) of its Rules Governing Section 2254 Cases requires incarcerated persons to "specify all the grounds for relief" available to them and state the facts supporting each ground.[17]

Ms. Stovall does not meet Congress's requirement in Rule 2(c) she specify all grounds for relief available to her because Congress cannot commute her 99-year prison sentence. We deny Ms. Stovall's habeas petition because she does not plead permissible grounds for relief.

Ms. Stovall also did not exhaust her habeas claims in state court even if she could allege grounds possibly allowing us to consider her requested relief.[18] Congress through section 2254(b)(1)(A) requires petitioners first exhaust their remedies in state court.[19] Ms. Stovall admits she did not exhaust her state court remedies before filing her habeas petition.[20] We deny Ms. Stovall's habeas petition because she did not first exhaust her state court remedies.

### B.  We find no basis for an evidentiary hearing.

Congress through section 2254(e)(2) prevents us from holding an evidentiary hearing unless "[Ms. Stovall] shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the

exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."[21]

We have no basis to hold an evidentiary hearing. Ms. Stovall does not allege a claim in her habeas petition. Congress lacks the power to commute her sentence. We decline to hold an evidentiary hearing.

### C.  There is no basis for a certificate of appealability.

We find no basis to issue a certificate of appealability. Congress allows us to issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right."[22] Ms. Stovall must demonstrate reasonable jurists "could disagree with the district court's resolution of his case or that the issues presented were adequate to deserve encouragement to proceed further."[23] Ms. Stovall does not allege a claim for habeas relief in her petition. There is nothing with which reasonable jurists could disagree. We decline to issue a certificate of appealability.

We deny with prejudice Ms. Stovall's habeas petition because she does not and cannot allege a claim at this late stage. We deny her an evidentiary hearing and deny her a certificate of appealability.

---

[1] Ms. Stovall did not appeal her state court sentence as confirmed by our Court of Appeals's decision concerning the daycare teacher's husband's section 1983 claim against the School District. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 904 (3d Cir. 1997).

[2] *Commonwealth v. Stovall*, No. 46-4557 (Montgomery Ct. Com. Pl. July 28, 1994).

[3] *Id.*

[4] *Id.*

[5] *Id.*

---

[6] ECF No. 1.  Ms. Stovall first sought habeas relief in the United States District Court for the Middle District of Pennsylvania in late February 2024 docketed there at No. 1-24-343.  Judge Kane transferred venue to this Court on April 29, 2024 as the challenged conviction arises from Montgomery County in this District. ECF No. 5.

[7] ECF No. 1 at 4.

[8] *Id.* at 5. We cannot discern what action the President took from Ms. Stovall's handwriting. Illegible handwriting is a recurring theme for Ms. Stovall. The Clerk of Court for the United States District Court for the Middle District of Pennsylvania rejected one of Ms. Stovall's filings in a separate matter for the same reason. ECF No. 5 at 9, *In re Stovall*, No. 20-5143 (E.D. Pa. Oct. 29, 2020).

Ms. Stovall does not attach or cite, and we could not find, an Executive Order from July 5, 2023.

[9] ECF No. 1 at 2.

[10] *Id.* at 3.

[11] *Id.* at 6.

[12] *Id.* at 16–21.

[13] ECF No. 1 at 4.

[14] PA. CONST. ART. IV, § 9(a).

[15] *Mitchell v. Superintendent Dallas SCI*, 902 F.3d 156, 163 (3d Cir. 2018) (citing 28 U.S.C. § 2254(a)).

[16] *Collins v. Sec'y of Pennsylvania Dep't of Corr.*, 742 F.3d 528, 541–42 (3d Cir. 2014) (citing 28 U.S.C. § 2254(b)(1)).

[17] Rules Governing Section 2254 Cases Rule 2(c)(1)–(2).

[18] ECF No. 1 at 6.

[19] 28 U.S.C. § 2254(b)(1)(A).

[20] ECF No. 1 at 6.

[21] 28 U.S.C. § 2254(e)(2); *Shinn v. Ramirez*, 596 U.S. 366, 388 (2022).

[22] 28 U.S.C. § 2253(c)(2).

---

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).